UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TRUONG JASON DINH,
    Plaintiff,

v.                                                    Case No. 3:24-CV-1043 (OAW)

JOHN DOE,
    Defendant.

## INITIAL REVIEW ORDER

Self-represented Plaintiff Truong Jason Dinh, formerly incarcerated at Osborn Correctional Institution ("Osborn"), has filed a complaint naming one defendant, Commissioner John Doe. Plaintiff asserts claims for violation of his Fifth and Eighth Amendment rights. He seeks damages only.

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a government entity, or an officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon review, the court must dismiss any complaint (or any portion thereof) that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b).

The court thoroughly has reviewed all factual allegations in the complaint and has conducted an initial review of the allegations therein pursuant to 28 U.S.C. § 1915A. Based on this initial review, the court orders as follows.

1

## I.  FACTUAL BACKGROUND

In January 2023, Plaintiff was housed in D-Block at Osborn.  ECF No. 1 at 7.  On the night of Friday, January 13, 2023, the heaters in the cell block did not work.  *Id.*  As it was the Martin Luther King, Jr. holiday weekend, maintenance staff did not report to fix the heaters until Tuesday, January 17, 2023.  *Id.*  Plaintiff was exposed to below-freezing temperatures for four days.  *Id.*  Correctional officers in the unit wore winter jackets and hats during the weekend.  *Id*. at 8.

## II.  DISCUSSION

Plaintiff contends that the exposure to cold temperatures evidences deliberate indifference in violation of his rights under the Fifth and Eighth Amendments

### A. Fifth Amendment

Plaintiff contends that he was deprived of life's necessities and subjected to inhumane living conditions in violation of his rights under the Fifth Amendment.  However, the Fifth Amendment Due Process Clause applies only to federal inmates.  *See Jackson v. Walker*, No. 3:22-CV-1951(OAW), 2022 WL 16573562, at *3 (D. Conn. Nov. 1, 2022) (citing *Caiozzo v. Koreman*, 581 F.3d 63, 69 & n.3 (2d Cir. 2009)).  As Plaintiff was held at a state facility (Osborn), he cannot state a cognizable Fifth Amendment due process claim, and any such claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### B. Eighth Amendment

Plaintiff is no longer incarcerated.  While he does not indicate whether he was a sentenced prisoner or a pretrial detainee in January 2023, the State of Connecticut's

Judicial Branch website suggests that Plaintiff might have been a sentenced prisoner at that relevant time. It appears that on September 29, 2022, Mr. Dinh was sentenced to ten years in prison, to be suspended after the service of thirty months in jail, followed by four years of probation (due to a finding that he had violated his probation as to the case with a docket number of DBD-CR19-159601).[1] The same website indicates that on November 17, 2022, Mr. Dinh was sentenced to two years in prison for Violation of a Protective Order (in D03D-CR21-192895) and to two years in prison for Violation of a Standing Criminal Protective Order (in D03D-CR22-192985). These two-year sentences were later modified by the Superior Court, but such modification occurred well after January of 2023 (specifically, on October 24, 2023, and on May 17, 2023, respectively). As such, it appears that Plaintiff was a sentenced prisoner serving a term of incarceration as a result of his state criminal cases at the times relevant to his complaint.

The Supreme Court of the United States has held that an inmate's conditions of confinement may be "restrictive or even harsh" but may not "involve the wanton and unnecessary infliction of pain" or violate "contemporary standard[s] of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (citation omitted). To state an Eighth Amendment claim for deliberate indifference to health or safety based on unconstitutional conditions of confinement, an inmate must allege facts demonstrating both an objective and a subjective element. To meet the objective element, the inmate must show that the was incarcerated under a condition or combination of conditions that resulted in a "sufficiently

---

[1] *See* Criminal/Motor Vehicle Convictions - Search By Docket Number (DBD-CR19-159601), available at: https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp (last visited Jun. 25, 2024).

serious" deprivation of a life necessity or a "human need[]" or posed "a substantial risk of serious harm" to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes*, 452 U.S. at 347. To meet the subjective element, the inmate must allege facts showing that the defendants knew that the inmate faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *See Farmer*, 511 at 834, 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. "Evidence that a risk was 'obvious or otherwise must have been known to a defendant' may be sufficient for a fact finder to conclude that the defendant was actually aware of the risk." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (quoting *Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003).

The Supreme Court has identified the following basic human needs or life necessities for an inmate: food, clothing, shelter, medical care, warmth, safety, sanitary living conditions, and exercise. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989); *Rhodes*, 452 U.S. at 348. Conditions are considered in combination when they have a "mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example a low cell temperature at night combined with a failure to issue blankets." *See Wilson*, 501 U.S. at 304.

Objectively, the "seriousness" of a violation is determined based on contemporary standards of decency. *See Walker*, 717 F.3d at 125. The inquiry focuses on the "severity and duration" of the conditions, not any "resulting injury." *Darnell v. Pineiro*, 849 F.3d 17,

30 (2d Cir. 2017) (citing *Willey v. Kirkpatrick*, 801 F.3d 51, 68 (2d Cir. 2015)).

Prolonged exposure to freezing temperatures may constitute an Eighth Amendment violation. *See Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (noting that prolonged exposure to freezing cold throughout the winter can constitute an Eighth Amendment violation); *Corselli v. Coughlin*, 842 F.2d 23, 27 (2d Cir. 1988) (deliberate exposure to bitter cold in cell for three months in fall and winter may constitute cruel and unusual punishment); *but see Trammel v. Keane*, 338 F.3d 155, 165 (2d Cir. 2003) (affirming summary judgment where plaintiff did not allege that he was "directly exposed for lengthy periods to winter weather," and "there was simply no factual dispute regarding whether temperatures in his cell posed a threat to his 'health or safety.'"). Thus, the duration of exposure to cold temperatures and the impact on the inmate's health are relevant to whether such exposure rises to the level of a constitutional violation.

Courts within the Second Circuit have found that "allegations of exposure to freezing temperatures for short periods of time to be insufficient to allege a constitutional violation." *Lopez v. Phipps*, No. 18-CV-3605(MKB), 2019 WL 2504097, at *8 (E.D.N.Y. June 17, 2019) (citing cases); *see also Gunn v. Annucci*, No. 20-CV-02004(PMH), 2021 WL 1699949, at *9 (S.D.N.Y. Apr. 29, 2021) (finding plaintiff's allegations that he was exposed to "'bitter cold temperatures' which fell 'between 40º and 45º' during the day and the 'low 30ºs' at night" were conclusory and failed to meet the objective element of the deliberate indifference standard because plaintiff did not allege length of exposure and whether temperature readings were from inside or outside of the facility).

Plaintiff alleges that his housing unit was without heat for at most four days. He

5

alleges that a blizzard occurred on one of the days and correctional staff wore coats and hats. The complaint states that "[t]he temperature was below freezing[,]" but Plaintiff does not indicate whether this was the outside temperature or the temperature in the Block. ECF No. 1 at 7. Nor does Plaintiff allege any effect on his health; he only alleges in conclusory fashion that he was emotionally distressed. ECF No. 1 at 8. The court cannot, based on the current record, determine whether Plaintiff alleges facts to meet the objective component of the deliberate indifference test. Further, as discussed below, Plaintiff has not identified a proper defendant for this claim.

### C. Supervisory Liability

The only defendant is John Doe Commissioner of Correction. In *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), the United States Court of Appeals for the Second Circuit held that "there is no special rule for supervisory liability." *Id.* at 618. Instead, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Prior to *Tangreti*, a supervisory official could be found liable for failing to remedy a wrong after becoming aware it had occurred. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (listing five factors, of which this was the second, to establish supervisory liability). After *Tangreti*, however, this vehicle for establishing supervisory liability is no longer available. *See Stone #1 v. Annucci*, No. 20-CV-1326(RA), 2021 WL 4463033, at *8 (S.D.N.Y. Sept. 28, 2021) (noting district courts have rejected this *Colon* factor after *Tangreti*). Thus, mere awareness of an issue is no longer sufficient to state a claim for supervisory liability.

Plaintiff does not allege facts showing that Defendant was even aware that the heat in Plaintiff's Block was not working or that maintenance staff would not address the problem immediately.  Thus, Plaintiff fails to state a cognizable claim against him.  All claims against Defendant are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## **ORDERS**

The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

If Plaintiff wishes to pursue an Eighth Amendment claim against a proper defendant, he may file an amended complaint.  An amended complaint, if filed, will completely replace the original complaint, and the court will not consider any allegations made in the original complaint while evaluating any amended complaint.  Any amended complaint must identify a proper defendant by name, correct the deficiencies identified in this order, and be filed within twenty days from the date of this order.  If no amended complaint is timely filed, the Clerk respectfully is requested to please close this case.

IT IS SO ORDERED at Hartford, Connecticut, this 9th day of July, 2024.

_____/s/_____
Omar A. Williams
United States District Judge